UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 21-cr-20693 |
| | ) | |
| Plaintiff, | ) | HON. GEORGE C. STEEH |
| | ) | |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| VERDINE DAY | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

**NOW COMES** Defendant, **VERDINE DAY,** by and through her attorney, **WILLIAM R. FORD,** and **WILLIAM R. FORD AND ASSOCIATES, P.C.,** and hereby provides the following **SENTENCING MEMORANDUM** to this Honorable Court for consideration in sentencing for the above captioned matter.

- **INTRODUCTION**

Appearing before this Honorable Court is Verdine Day, retired firefighter, wife, mother and grandmother, who, before the activities which led to her being charged, accepting responsibility and pleading guilty to the charged offense, led an otherwise exemplary life. She acknowledges her guilt and accepts full responsibility for her actions. She regrets that her conduct has impacted others. She has reimbursed a significant amount to the firefighters union ($20,000) and has a significant amount of money from her retirement savings which she offered to the firefighters union through her attorney, which has not been accepted ($90.000). Both she and the former union president are being sued for money damages in the Macomb County Circuit Court on similar facts.

1

Additionally, Mrs. Day was referred for this criminal prosecution. Mrs. Day understands that the decision to prosecute lies in the sound discretion of others.

Mrs. Day is a cancer survivor who remains under the care of an oncologist. During a recent examination concerning conditions were observed and are under medical observation. She wears a T.E.N.S. Unit to relieve chronic breast pain which was prescribed by her physician.

She deeply and sincerely apologizes to the dedicated men and women of what she refers to as" the best fire department in the world", the Detroit Fire Department and The International Association of Firefighters who entrusted her to represent them and to perform the responsibilities of the position to which she was elected. She was the first black woman to hold the position and understands how she has disappointed many people, including herself.

Of the 62 years of her life, she have spent at least 45 years being a caregiver or seniors, children, co-workers and their families in addition to the community. At a very young age, she was inspired to escort seniors to doctor's appointments, grocery shopping and just being a companion during their time of need. No matter the circumstances, being it the loss of a spouse due to illness, or the loss of loved ones, she found peace and comfort in helping others. Over one hundred and twenty letters were submitted to the court in support of the person who is now before the court.

During her 33 year career with the Detroit Fire Department, she was always the first to support co-workers, their families, those in authority and the community. There has never been a time that she didn't place the needs of others before herself and unfortunately, at times, her family. It did not matter what time of day or night, she would

2

be their for others.  Even in retirement, she continually lent herself to firefighters and individuals in the community who struggle with alcohol, drugs, and thoughts of suicide.

Importantly, this is a time where her family needs her. In the last 2 years, her husband has undergone 2 cervical fusion surgeries, followed by a more recent evasive back surgery.  All of which were the result of injuries incurred while on the job as a firefighter with the Detroit Fire Department.  Her husband, Ronnie, relies on her as a caregiver.  Furthermore, her 2 grandchildren (twins), are in desperate need of emotional, moral support and guidance that only a "Nana" can provide during this difficult time while under her care.

Her absence would be devastating to family, friends and all those who benefit from her services to them.  She would better serve the community by continuing to help in ways that would be most beneficial to all.  The crime she committed does not reflect the true defendant who knows that she should not have yielded to temptation and acted dishonestly.

- **FACTUAL BACKGROUND**

On September 17, 2021, Defendant, Mrs. Verdine Day, was charged by way of criminal complaint with: *Wire Fraud,* in contravention to 18 U.S.C. § 1344(2).  On December 2, 2021, Mrs. Day pled guilty to the Count 1 of the Complaint pursuant to a Rule 11 Plea Agreement

Under the terms of the Rule 11 plea agreement executed and taken under advisement by this Honorable Court, the guidelines are to be determined by the Court. The instant charge carries no mandatory minimum.

- **IMPOSITION OF A SENTENCE PURSUANT TO 18 U.S.C § 3553**

Section 3553(a) of Title 18 specifies the factors courts are to consider in imposing a sentence. The list of factors is preceded by what is known as the parsimony principle, a broad command that instructs courts to impose a sentence sufficient, but not greater than necessary, to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. A sentencing court is then directed to take into account the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to serve the four overarching aims of sentencing. *Dean v United States*, 137 S Ct 1170, 1175; 197 L Ed 2d 490 (2017) (internal citations and quotations omitted). Weighing those factors "is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *United States v Williams*, 807 Fed Appx 505, 509 (CA 6, 2020). The factors enumerated under18 U.S.C. §3553(a) are as follows:

- **18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.**

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v United States*, 552 US 38, 52; 128 S Ct 586, 598; 169 L Ed 2d 445 (2007). "[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing" *Pepper v United States*, 562 US 476,

492; 131 S Ct 1229, 1242; 179 L Ed 2d 196 (2011) (quoting *United States v. Bryson*, 229

F.3d 425, 426 (C.A.2 2000)).

> Section 3661 confirms the all-encompassing scope of the district court's inquiry by providing that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 (1988). Thus, the statutory text explicitly reserves to district judges, who have the responsibility of imposing actual sentences on particular defendants, the authority to take into account personal and non-criminal factors in ways that, in Congress's judgment, elude expression as generalizable sentencing directives and which, accordingly, are deemed inappropriate for guideline treatment.
>
> *United States v Davern*, 970 F2d 1490, 1515 (CA 6, 1992) (Jones, N.R. dissenting)

Thus, pursuant to 18 U.S.C. § 3553(a)(1) requires a sentencing judge to take a look beyond the crime as charged and perform a searching analysis to craft a more just sentence. See *Pepper,* supra. An analysis of a defendant's history and characteristics as he comes before the court on the day of sentencing is required. *Id.*

- **18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence imposed to: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Congress has instructed sentencing courts to impose sentences that are " 'sufficient, *but not greater than necessary*, to comply with' " (among other things) certain basic objectives, including the need for "just punishment, deterrence, protection of

5

the public, and rehabilitation." *Holguin-Hernandez v United States*, 140 S Ct 762, 765–66; 206 L Ed 2d 95 (2020). "[A] court may not *impose or lengthen* a prison sentence to enable an offender to complete a treatment program or otherwise promote rehabilitation." *United States v Walker*, 649 F3d 511, 513 (CA 6, 2011) (quoting *Tapia v United States*, 564 US 319, 335; 131 S Ct 2382, 2393 (2011)) (emphasis in original)

"These provisions make clear that a particular purpose may apply differently, or even not at all, depending on the kind of sentence under consideration. For example, a court may *not* take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release." *Tapia* 564 US at 326

- **18 U.S.C. § 3553(a)(3) requires the Court to consider the kinds of sentences available**

§ 3553(a)(3) "directs the judge to consider sentences other than imprisonment." *Gall* 552 US at 59. Thus, unless explicitly prohibited under statute, a Court must consider alternative means to accomplish the objectives of 18 U.S.C. § 3553.

- **18 U.S.C. § 3553(a)(4) requires the Court to consider the kinds of sentence and sentencing range as set forth by the guidelines and any violations of probation or supervised release.**

Guidelines put forth by the commission are advisory in nature. The "district court may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views," embodied in the applicable Guidelines. *United States v Taylor*, 648 F3d 417, 428 (CA 6, 2011). Although advisory in nature, the "district court must still give 'respectful consideration,'" *Id.* to the guidelines set forth by the Commission.

- **18 U.S.C. § 3553(a)(5) requires the Court to consider any pertinent policy statements issued by the Sentencing Commission.**

- 18 U.S.C. § 3553(a)(6) requires the Court to consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

- 18 U.S.C. § 3553(a)(7) requires the Court to consider the need to provide restitution to victims of the offense.

- **FACTORS APPLIED TO MRS. DAY**

  - **Application of 18 U.S.C. § 3553(a)(1) to Verdine Day, which requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.**

Defendant Verdine Day is a 62-year-old resident of Detroit, Michigan. She moved to Detroit in 1968 with her mother and stepfather but spent summers with her maternal grandmother on a family farm in Florida.

Although Mrs. Day discontinued education in 1977, she was able to graduate from the Detroit Fire Academy in 1986. This graduation began her lifelong career in public service with the Detroit Fire Department.

From 1986 until her retirement due to health issues, Mrs. Day was an active firefighter for the city of Detroit. Due to the strenuous work, Mrs. Day had to undergo multiple surgeries in 1999, 2002, and 2009. Eventually, Mrs. Day had to undergo a full knee replacement due to the years of abuse as a firefighter. These ongoing problems sidelined her work, and she had to retire from the Fire Department in 2019.

Mrs. Day. has no criminal history. Her life, outside of the instant case, has been

an example for those in the community.  She was an active parishioner in her church, where she has worked since her retirement.  Mrs. Day was a Detroit Firefighter for over 30 years, and outside of the instant offense served her community honorably.

Throughout her life, Mrs. Day has strived to lead by example, and although Mrs. Day is facing a personal crossroads, she wishes to impress upon this Court that he remains positive and hopes for change by using this experience in the criminal justice system, as one to better herself.  Mrs. Day recognizes that she has made a mistake, and has taken responsibility for same, as shown by her plea to the Complaint.

- **18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence imposed to: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Unlike 18 U.S.C. § 3553(a)(1), 18 U.S.C. § 3553(a)(2) requires that this Court view Defendant as a whole, and craft a just and fair punishment based on the factors seen in § 3553(a)(1).  This holistic approach allows this Court to modify a sentence to custom fit a defendant while serving the best interest of the harmed party.  It is important for this Court to craft a sentence based on Mrs. Day's history as outlines in Section 3553(a)(1) to craft a "just punishment, deterrence, protection of the public, and rehabilitation." *Holguin-Hernandez*, supra.

As previously referenced Mrs. Day has no criminal history and active leader in her community.  Mrs. Day is highly unlikely to offend again and requires no deterrence.

Moreover, Mrs. Day understands the very serious nature of the charges that she has accepted responsibility for, and wishes to take this grave mistake, learn, and move past it.

This Court can accomplish the factors in accordance with § 3553(a)(2) by offering a term of supervisory probation that would comply with all the factors, and be crafted to be "just punishment, deterrence, protection of the public, and rehabilitation." *Holguin-Hernandez*, supra.

- **Pursuant to 18 U.S.C. § 3553(a)(3), there are other punishments available outside imprisonment this Court must consider**

§ 3553(a)(3) "directs the judge to consider sentences other than imprisonment." *Gall* 552 US at 59. This directive, when taken in conjunction with 18 U.S.C. § 3553(a)(1) and 18 U.S.C. § 3553(a)(2), it is imperative that this Court consider a term of probation for Mrs. Day. The objective of this Court is justice, and within that frame are the ideas of rehabilitation and recidivism.

Here, Mrs. Day has shown that her ability to be rehabilitated is high and his risk recidivism is low based on her history. A just sentence for this Court to consider would be one outside of imprisonment that would accomplish all factors put forth by 18 U.S.C. § 3553(a)(1), 18 U.S.C. § 3553(a)(2).

Thus, unless explicitly prohibited under statute, a Court must consider alternative means to accomplish the objectives of 18 U.S.C. § 3553.

- **18 U.S.C. § 3553(a)(4) requires the Court to consider the kinds of sentence and sentencing range as set forth by the guidelines and any violations of probation or supervised release.**

Guidelines put forth by the commission are advisory in nature. The "district court

may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views," embodied in the applicable Guidelines. *United States v Taylor*, 648 F3d 417, 428 (CA 6, 2011). Although advisory in nature, the "district court must still give 'respectful consideration,'" *Id.* to the guidelines set forth by the Commission.

Mrs. Day has complied with all terms of her pretrial release, and as such, has shown that she can comply with the Court's orders. Through this, the Court can be assured that any terms of supervised release through a probationary term would be followed.

- **Count 1: *Wire Fraud,* in contravention of 18 U.S.C. § 1344(2).**

United States Code for 18 U.S.C. § 1344(2) provides in part such person "who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. § 1349. The underlying offense, *Wire Fraud, in* contravention of 18 U.S.C. § 1344(2), which is punishable by a term of incarceration not to exceed 30 years. 18 U.S.C. § 666(a)(1)(B)(2).

Based on the scoring assessed by Mrs. Day's Presentence Investigation Report, Mrs. Day has an applicable guideline range of twenty-one (21) to twenty-seven (27) months.

Under the terms of the Rule 11 Plea Agreement, the parties have agreed that the sentencing shall be determined by this Honorable Court.

Although Mrs. Day has an applicable guideline range of twenty-one (21) to twenty-seven (27) months, guidelines are advisory in nature. *Taylor*, supra. Based on

other sentencing factors, this Court may impose a non-guideline sentence which still accomplishes all the other factors put forth by d.     18 U.S.C. § 3553. *Taylor,* supra.

Mrs. Day understands the severity of the crime that she has plead to and is not a person to waste the opportunity that has been placed before her. The harsh reality has struck close to home for Mrs. Day, as this is Mrs. Day only criminal offense in an otherwise exemplary life.

Further, Mrs. Day has the support of his family and his community. Those who surround Mrs. Day urge leniency on her behalf due to her character and qualities as a person.

Further, Mrs. Day has taken responsibility for her actions. During the course of the investigation for the instant offense, Mrs. Day was respectful and truthful, and in the end, plead guilty to the crime she was charged with.

- **CONCLUSION AND RELIEF REQUESTED**

Defendant Verdine Day comes before this Court a humbled woman pleading for relief. Through his plea, she has accepted her role for the crime charged. Further, a term of incarceration would not only affect Mrs. Day, but the community at large. Mrs. Day has the support from her family and her community. Leniency is at the discretion of this most honorable Court. Mrs. Day humbly requests that this Court grant her leniency, and downward depart from the guidelines as prescribed in the Rule 11 plea agreement.

Respectfully Submitted,

*/s/ William Ford*
WILLIAM R. FORD
Attorney for Defendant
613 Abbot Street, Ste. 130D

11

Detroit, Michigan 48226
(248) 790-6812